# Lee *v.* Byrne & Trammell.

## *Assumpsit.*

1. *Contract ; term "advances" construed.*—Plaintiff and defendants entered into a written contract, whereby the former agreed to deliver to the latter logs at a stated price per thousand feet, and the latter agreed to pay, at the end of each month, for the logs delivered during that month, " after deducting for all *advances,*" and commissions thereon at a specified rate. *Held,* that defendants were not entitled to commissions on disbursements made by them from plaintiff's money, or when they were indebted to him for logs delivered under the contract; nor on an old indebtedness owing by the plaintiff, and incurred prior to the execution of the contract.

APPEAL from Mobile Circuit Court.
Tried before Hon. WM. E. CLARKE.
This was an action of assumpsit by W. J. Lea against Byrne & Trammell, in which the plaintiff seeks to recover for certain logs furnished by him to the defendants under a written contract executed by them, in September, 1882, whereby the plaintiff agreed to deliver to the defendants the logs at a specified price per thousand feet. The contract contains this clause : "The said Byrne & Trammell agree to pay the said Lea, at the end of each month, according to the total average, during the month, of each contractor employed by said Lea for all logs delivered, after deducting . . . for all advances made by the said Byrne & Trammell, with ten per cent. added, except for groceries, which are five per cent." No other reference to *advances* is made in the contract. It seems that the defendants claimed credit for, among other things, certain commissions on advances alleged to have been made by them to the plaintiff under said contract, and also for commissions on an indebtedness which, they insisted, the plaintiff owed the defendant Byrne on prior dealings of like character, and which had been transferred to Byrne & Trammell.

The evidence for the plaintiff tended to show that "the defendants had furnished him with supplies while he was getting out logs, with which they charged him, but that the value of the logs furnished by him under said contract was at all times in excess of the amount of supplies furnished him by defendants."

The trial resulted in a verdict and judgment for the plaintiff, but for a less sum than he claimed to be due him ; and hence, he appealed. Exceptions were reserved by him to charges given and refused, instructing the jury as to the construction of said contract ; and these charges are here assigned as error. It is not deemed necessary to set them out in this report.

CROOM & LEWIS, for appellant.

J. L. & G. L. SMITH, contra.

SOMERVILLE, J.—Under the written contract in evidence the plaintiff had obligated himself to deliver a certain quantity of logs to the defendants, at a specified price, for which they were to make monthly settlements. They were authorized to deduct, among other charges, " for all *advances*" made by them to the plaintiff, with a certain percentage of commissions added. By the word "advances," we are to understand money paid before due, or goods sold on credit, by way of accommodation, in expectation of reimbursement. " One who has paid more money, or furnished more goods to another than the latter is entitled to, is said to be in advance to him." If the party proposing to make such advances does so, not out of his own money or goods, but out of the money or goods of the other contracting party, to whom he agrees to advance, he is not entitled to charge commissions as on advances. Such credits become mere payments, to be deducted from the fund due the payee. The contract in question did not, in our opinion, contemplate that commissions were to be charged on such payments, or disbursements, made from plaintiff's money, or made by defendants when they were indebted to the plaintiff.

In ascertaining the matter of indebtedness with the view of estimating the commissions agreed to be charged, the jury were not authorized to take into consideration the indebtedness of the plaintiff to Byrne in the old matter of account between them. The plaintiff appears to have been ignorant of the fact that this had been transferred to the firm of Byrne & Trammell, and it can not, therefore, be considered as within the contemplation of the contracting parties at the time they entered into their written agreement.

The rulings of the circuit court were repugnant to the fore-

[Wailes & Co. v. Couch.]

going construction, and were, in our judgment, erroneous. Its judgment must, therefore, be reversed and the cause remanded.